O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVON CHASE MACK,<br><br>     Plaintiff,<br><br>v.<br><br>LA COUNTY JAIL,<br><br>     Defendant. | Case No. 2:24-cv-02268-CBM-KES<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF PROSECUTION |

**I.**

**BACKGROUND**

On March 19, 2024, Javon Chase Mack ("Plaintiff") filed a pro se civil rights Complaint under 42 U.S.C. § 1983 against Los Angeles County ("County), which operates the Los Angeles County Jail ("County Jail"), and its "personnel/guards." (Dkt. 1.)  On April 10, 2024, the Court granted Plaintiff's application to proceed without prepayment of the filing fee, also called proceeding in forma pauperis or "IFP." (Dkt. 6.)  On May 17, 2024, the Court dismissed the Complaint with leave to amend. (Dkt. 9.)

On June 12, 2024, the Court received a proof of service declaration from

registered process server Dean DeVito.  (Dkt. 11.)  Mr. DeVito declared that on May 17, 2024, he personally served the "LA County Jail" by leaving the Complaint and other documents (not including a summons, because no summons has issued yet) with Kelly Walker, a deputy clerk at the Los Angeles County Counsel's Office.  (Id.)

Proper service of process requires service of the operative complaint and summons.  Fed. R. Civ. P. 4(c)(1).  Since the Court dismissed the Complaint (Dkt. 9) and had not yet issued a Summons, Mr. DeVito's personal delivery of the Complaint to the County Counsel's Office did not accomplish service of process.  (Dkt. 12.)  Because Plaintiff was proceeding IFP and was in custody, had he timely filed a First Amended Complaint and the Court authorized service, the Court would have issued a Summons and directed the U.S. Marshal Service to serve the First Amended Complaint and Summons.  Fed. R. Civ. P. 4(c)(3).

The Court previously set a deadline of June 17, 2024, for Plaintiff to file a First Amended Complaint.  (Dkt. 9.)  When the Court informed Plaintiff that Mr. DeVito had not effectively served Los Angeles County, the Court extended Plaintiff's deadline to file a First Amended Complaint to July 1, 2024.  (Dkt. 12.)

As of the date of this order, the Court has not received any further filings from Plaintiff.

## II.

## LEGAL STANDARD

A district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules.  See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  Central District of California Local Rule 41-1 provides, "Civil suits which have been pending for an unreasonable period of time without any action having been taken therein may,

2

after notice, be dismissed for want of prosecution."[1]

The Court has discretion to dismiss the action with or without prejudice. See Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," or certain exceptions apply, a dismissal pursuant to Federal Rule of Civil Procedure 41(b) "operates as an adjudication on the merits"); Local Rule 41-2 ("[u]nless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice"); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996) ("Dismissal with prejudice and default on counterclaims, for willful and inexcusable failure to prosecute, are proper exercises of discretion under Federal Rules of Civil Procedure 41(b), 16(f), and the inherent power of the court.").

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, the Ninth Circuit has instructed district courts to consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006). The test is not "mechanical," but it provides a "non-exhaustive list of things" to "think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

## III.

## DISCUSSION

Here, the first two factors favor dismissal. The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal."

---

[1] The Local Rules of the U.S. District Court for the Central District of California are available online at: https://www.cacd.uscourts.gov/court-procedures/local-rules.

Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  The second factor—the Court's need to manage its docket—favors dismissal here because Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court."  Id. (internal quotations marks omitted).

The third factor—prejudice to Defendant—weighs in favor of dismissal, although perhaps not as strongly as some of the other factors.  As previously discussed, Defendant has not been properly served.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("We have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."); Hunter v. Sandoval, No. 17-09257-CJC-SHK, 2018 U.S. Dist. LEXIS 210543 at *5, 2018 WL 6570870 at *2 (C.D. Cal. Dec. 12, 2018) (finding no prejudice to a defendant who had not yet been served).  On the other hand, a rebuttable presumption of prejudice to the defendants arises when a plaintiff unreasonably delays prosecution of an action, In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994), and unnecessary delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale."  Pagtalunan, 291 F.3d at 643.

The fourth factor—availability of less drastic sanctions—favors dismissal. The Court's screening order warned Plaintiff that failure to respond might result in a dismissal of this action.  (Dkt. 9 at 7-8.)  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement") (citation omitted).

The fifth factor—public policy favoring a disposition of an action on its merits—arguably weighs against dismissal here.  Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002).  However, the effect of this factor is somewhat mitigated by the fact that Plaintiff's Complaint failed to state a claim for relief for the reasons explained in the Court's May 17, 2024 screening order.  (Dkt. 9.)

Given that the enumerated factors largely support dismissal, this action will be dismissed pursuant to Rule 41(b) and Local Rule 41-1. Considering all of the circumstances, and in particular given that Plaintiff is incarcerated and proceeding pro se, the dismissal shall be without prejudice.

## IV.

## CONCLUSION

IT IS THEREFORE ORDERED that Judgment will be entered dismissing this action without prejudice for failure to prosecute.

DATED: JULY 19, 2024

_____
CONSEULO B. MARSHALL
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

5